**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Jeenah Moon,<br><br>       Plaintiff,<br><br>    v.<br><br>Weddings With Verve LLC,<br><br>       Defendant. | Case No:<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Jeenah Moon ("*Plaintiff*"), by and through her undersigned counsel, for her Complaint against defendant Weddings With Verve LLC ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1.      This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2.      Plaintiff is a professional photographer, photojournalist, and visual journalist based in New York, New York. Born and raised in Seoul, South Korea, Plaintiff has devoted her career to the creation, publication, licensing, and distribution of original photographic works documenting matters of public interest, newsworthy events, politics, sports, social issues, and contemporary culture.

3.      Plaintiff is a staff photographer for Reuters and has previously worked as a contributing photographer for numerous prominent media organizations, including The Associated Press, Getty Images, The Washington Post, NBC News, Bloomberg News, The New York Times, and the New York Daily News.

4.      Throughout her career, Plaintiff has covered numerous significant

1

national and international events, including the COVID-19 pandemic, Black Lives Matter protests, the #MeToo movement, the criminal prosecution of Harvey Weinstein, the New York migrant crisis, and the New York hush-money trial of Donald Trump. Her photography encompasses politics, breaking news, criminal justice, social issues, women's rights, sports, fashion, lifestyle, entertainment, and public affairs.

5.    Plaintiff is a graduate of the International Center of Photography and has received numerous professional honors and recognitions for her photographic work. Among other distinctions, Plaintiff was recognized by American Photography in 2023, received multiple Front Page Awards from the Newswomen's Club of New York, including awards for Best Feature Story, Best Coronavirus Photo, and Best Breaking News Photo, and received recognition in the Reuters Mentorship Program at the Eddie Adams Workshop.

6.    Plaintiff's work has been exhibited and recognized by respected photography institutions and exhibitions, including the International Center of Photography, the Pingyao China International Photography Festival, Photoville, and other professional photographic exhibitions and programs.

7.    Plaintiff is a member of professional organizations dedicated to advancing diversity and excellence in visual journalism, including Women Photograph and Diversify Photo.

8.    Plaintiff's original photographic works have been widely published, licensed, distributed, and displayed throughout the United States and internationally. As a result of her talent, experience, professional accomplishments, and substantial publication history, Plaintiff has established a valuable reputation in the fields of photography and photojournalism and derives income from the licensing and authorized use of her copyrighted photographic works.

9.    Plaintiff created a photograph of a newlywed couple dancing at their

2

wedding (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

10.    Defendant is, upon information and belief, a limited liability company engaged in the business of wedding planning, event design, wedding coordination, and related wedding and event services.

11.    Defendant conducts business through, among other channels, the website www.weddingswithverve.com (the "*Website*") and the social-media account and business page operating under the name "Weddings With Verve" on Facebook (the "*Account*").

12.    Upon information and belief, Defendant owns, operates, manages, maintains, and/or controls the Website and the Account and uses those platforms to advertise, market, promote, and sell its wedding-planning, event-design, coordination, and related services to prospective and existing customers.

13.    Upon information and belief, the Website and Account serve as commercial marketing platforms through which Defendant showcases its services, displays prior events and wedding-related content, promotes its brand, attracts prospective customers, and generates business opportunities.

14.    Upon information and belief, Defendant publishes and distributes photographs, articles, marketing materials, event content, social-media content, and other promotional materials on the Website and Account for the purpose of increasing consumer engagement, enhancing brand visibility, and promoting Defendant's commercial activities.

15.    Upon information and belief, Defendant derives commercial benefit from the Website and Account by promoting its services, attracting prospective clients, generating leads, securing customer engagements, and increasing revenues associated with its wedding-planning and event-related business.

16.    Upon information and belief, Defendant exercised editorial,

3

managerial, operational, and financial control over the content appearing on the Website and Account, including the creation, acquisition, selection, editing, publication, reproduction, display, distribution, and removal of content appearing thereon.

17.    Upon information and belief, Defendant maintained the right and ability to supervise, authorize, review, approve, modify, remove, and otherwise control content appearing on the Website and Account and is responsible for the acts of its employees, agents, contractors, designers, marketers, social-media managers, and other representatives acting within the course and scope of their authority.

18.    At all relevant times, content published, displayed, reproduced, distributed, and otherwise made available on the Website and Account was subject to Defendant's direction and control, including the infringing content alleged herein.

19.    Upon information and belief, Defendant used the Website and Account in furtherance of its commercial enterprise and derived financial and promotional benefits from the content displayed thereon, including through increased consumer engagement, enhanced brand recognition, customer acquisition, and the promotion of Defendant's services.

20.    Upon information and belief, Defendant reproduced, displayed, distributed, and/or otherwise exploited Plaintiff's copyrighted work on both the Website and the Account without authorization, thereby increasing exposure to Defendant's business and furthering Defendant's commercial interests.

## PARTIES

21.    Plaintiff is a citizen of the State of New York and maintains a principal place of business in New York County, New York.

22.    Defendant is a New Jersey Limited Liability Company with a principal place of business at 170 East Hanover Avenue, Cedar Knolls in Morris County, New Jersey.

4

## JURISDICTION AND VENUE

23.    This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

24.    This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New Jersey.

25.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendant may be found in this District, regularly conducts business in this District, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District, including the unauthorized reproduction, display, distribution, and/or exploitation of Plaintiff's copyrighted work.

## FACTS COMMON TO ALL CLAIMS

### A.    Plaintiff's Copyright Ownership

26.    Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

27.    Plaintiff has devoted substantial time, skill, effort, and expense to developing her photography business and creating a portfolio of original photographs.

28.    Plaintiff's photographs are valuable intellectual property assets that are commercially licensed to publishers, media outlets, websites, businesses, and other third parties for authorized use in both digital and print media.

29.    Plaintiff is the author and copyright owner of numerous original photographic works protected under the Copyright Act, including the photographs that are the subject of this action.

30.    Plaintiff maintains exclusive rights under the Copyright Act, including the rights to reproduce, distribute, license, publicly display, and otherwise exploit

5

her copyrighted photographs.

31.    Plaintiff derives income from the licensing and authorized use of her copyrighted works and maintains exclusive rights in the works he creates pursuant to the Copyright Act.

32.    Plaintiff relies upon licensing revenue derived from the authorized use of her photographs and actively protects his copyrighted works against unauthorized reproduction, distribution, and display. Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of his copyrighted works, and interferes with the market for authorized licenses.

33.    Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

34.    Plaintiff regularly licenses her photographs to media outlets, brands, and commercial entities for a fee.

35.    Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

36.    On November 6, 2019, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

37.    Plaintiff published the Photograph by commercially licensing it to a third-party media company for the purpose of display and/or public distribution.

38.    In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

39.    On December 11, 2019, the Photograph was registered by the USCO under Registration No. VA 2-187-275.

40.    Plaintiff created the Photograph with the intention of it being used

6

commercially and for the purpose of display and/or public distribution.

**B.    Defendant's Infringing Activity**

41.    Defendant is the registered owner of the Website and Account and is responsible for its content.

42.    Defendant is the operator of the Website and Account and is responsible for its content.

43.    The Website and Account are a part of and used to advance Defendant's commercial enterprise.

44.    The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

45.    Upon information and belief, the Website and Account form part of Defendant's commercial enterprise and are used to attract potential customers, promote Defendant's services, increase public visibility, generate business opportunities, and enhance Defendant's brand recognition.

46.    Upon information and belief, Defendant is a sophisticated business operating in an industry in which the use of professional photography and copyrighted content is prevalent.

47.    Upon information and belief, Defendant knew or should have known that the Photograph was protected by copyright, including because the Photograph was of professional quality and distributed through commercial channels. Despite this, Defendant used the Photograph without seeking permission or obtaining a license.

48.    Upon information and belief, the Photograph contained visible copyright management information, authorship information, a gutter credit, and/or a watermark identifying Plaintiff, which Defendant removed, omitted, obscured, altered, and/or failed to reproduce.

49.    Upon information and belief, Defendant's personnel have significant

7

experience in copyright matters and are familiar with industry practices requiring that photographs used in commercial content, advertising, marketing materials, publications, and social-media posts be properly licensed.

50.    Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

51.    Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

52.    Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

53.    On or about October 12, 2020, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on the Website as part of an on-line story at URL https://www.weddingswithverve.com/theteam (the "*Infringement #1*"). A copy of a screengrab depicting Infringement #1 is attached hereto as Exhibit 2.

54.    The Photograph was willfully and volitionally reproduced and stored by        Defendant        at        URL:        https://images.squarespace-cdn.com/content/v1/5f8f84a4d2f1fb46960f5ee3/8cb88722-7f64-463c-88cd-55b0023faa47/71293994_460071151560150_33892558805511105_n.JPG?format=2500w.

55.    Infringement #1 is a copy or substantially similar copy of Plaintiff's Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

56.    On or about October 12, 2020, without permission or authorization

from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on the Account as part of an on-line post at URL https://www.facebook.com/weddingswithverve/photos/pb.100055891583064.-2207520000/713629645922555/?type=3 (the "*Infringement #2*") (Infringement #1 and Infringement #2 are hereafter referred to as the "*Infringements*"). A copy of a screengrab depicting Infringement #2 is attached hereto as Exhibit 2.

57.    Infringement #2 is a copy or substantially similar copy of Plaintiff's Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

58.    Plaintiff first observed the Infringements on September 18, 2023.

59.    Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

60.    The Infringements each include a URL ("*Uniform Resource Locator*") that was accessible to the public and remained available for viewing for a non-transitory period of time.

61.    Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Website and Account, including Plaintiff's Photograph.

62.    Defendant exercised control over the content published on its Website and Account and was responsible for selecting, uploading, and displaying the Photograph. Defendant used the Photograph in furtherance of its commercial interests and derived financial benefit from increased user engagement, brand promotion, and/or sales.

63.    Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Website and Account by, inter

alia, utilizing employees, agents, contractors, administrators, editors, moderators, social media managers, and other representatives acting on its behalf (collectively, the "*Representatives*").

64.    Upon information and belief, Defendant vested its Representatives with actual and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor, and otherwise manage content appearing on the Website and Account on Defendant's behalf.

65.    Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship, and/or other authorized relationship with Defendant when creating, selecting, uploading, publishing, displaying, promoting, and/or distributing the content containing Plaintiff's Photograph.

66.    Upon information and belief, Defendant authorized, directed, ratified, approved, and/or knowingly permitted the actions of its Representatives with respect to content appearing on the Website and Account, including the content containing Plaintiff's Photograph.

67.    Upon information and belief, the Representatives actively reviewed, monitored, edited, managed, moderated, and otherwise exercised control over content appearing on the Website and Account. As a result, Defendant had actual and/or constructive knowledge of the content published thereon, including the Infringements.

68.    Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Website and Account and exercised such control through its Representatives acting within the course and scope of their authority.

69.    Upon information and belief, the Photograph was intentionally and willfully selected, published, displayed, and distributed by Defendant.

70. Upon information and belief, Defendant is not entitled to the limitations on liability set forth in 17 U.S.C. §512 because the Infringements were selected, uploaded, approved, published, and/or distributed by Defendant and/or its Representatives acting within the scope of their authority.

71. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements were apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

72. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

73. Upon information and belief, the Photograph contained visible copyright management information, authorship information, and/or a copyright watermark, which Defendant removed, ignored, obscured, and/or failed to reproduce. Such facts support a finding that Defendant acted knowingly and willfully.

74. Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Website and Account.

75. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and Account and exercised and/or had the right and ability to exercise such right.

76. Upon information and belief, Defendant monitors the content on its Website and Account.

77. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

78.    Upon information and belief, Defendant distributed the Infringement to a broad audience through the Website and Account and derived commercial value from enhanced Defendant's visibility, marketing efforts, customer engagement, and ability to attract prospective clients.

79.    Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

80.    Defendant's use of the Photograph harmed the actual market for the Photograph.

81.    Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

82.    Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license her work to other commercial entities.

83.    On or about October 6, 2023, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

84.    Thereafter, on or about November 7, 2025, Plaintiff, through counsel, sent a follow-up communication seeking to resolve the dispute without litigation and affording Defendant an additional opportunity to address Plaintiff's claims.

85.    Thereafter, on or about December 8, 2025, Plaintiff, through counsel, sent a follow-up communication seeking to resolve the dispute without litigation and affording Defendant an additional opportunity to address Plaintiff's claims.

86.    Despite receiving notice of Plaintiff's claims and being afforded multiple opportunities to resolve the matter amicably, Defendant failed and/or refused to adequately address Plaintiff's claims, thereby necessitating the commencement of this action.

12

87.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST CAUSE OF ACTION
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

88.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

89.     The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

90.     The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

91.     Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

92.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

93.     Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

94.     Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

95.     As a result of Defendant's violations of Title 17 of the U.S. Code,

13

Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

96.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

## JURY DEMAND

97.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying, reproducing, distributing, publishing, and publicly displaying it without a license or consent;

b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

14

    d.     for pre-judgment interest as permitted by law; and

    e.     for any other relief the Court deems just and proper.

DATED: July 16, 2026

**SANDERS LAW GROUP**

By:   */s/ Craig Sanders*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 128868

*Attorneys for Plaintiff*